**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10000 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00235-TLN-1 |
| v. | |
| DUMITRU MARTIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Dumitru Martin appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United*

*States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Martin contends that the district court erred by treating U.S.S.G. § 1B1.13 as binding. While Martin is correct that the court incorrectly treated § 1B1.13 as the applicable policy statement, *see Aruda*, 799 F.3d at 802, the court went on to assume that Martin's significant medical issues, and the serious symptoms he experienced when he contracted COVID-19, established "extraordinary and compelling" reasons for release under § 1B1.13. It nevertheless denied Martin's motion under 18 U.S.C. § 3553(a). *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court may deny a compassionate release motion under § 3553(a) without first making a final determination as to whether defendant has established extraordinary and compelling reasons).

Martin argues that the district court's § 3553(a) analysis was deficient because the court focused disproportionately on the sentence imposed and downplayed mitigating factors, including pandemic-related "post-offense" factors. Given "the deference we must afford the district court when making these discretionary decisions," *Keller*, 2 F.4th at 1284, we cannot conclude that it abused its discretion. The court acknowledged Martin's medical conditions and pandemic-related circumstances, weighed the § 3553(a) factors, and reasonably concluded that the factors did not support reducing Martin's "well-supported, below-guidelines, 156-month sentence to a drastically lower 60-month sentence." We are also unpersuaded by Martin's argument that the court erred in finding that

FCI La Tuna had been able to adequately address Martin's medical needs, and abused its discretion by determining that the other § 3553(a) factors outweighed Martin's medical needs. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Finally, given the record as a whole, the court provided sufficient explanation for its decision to deny Martin's motion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965, 1967 (2018).

**AFFIRMED.**